The answer to the first question is limited by the designation of Wyatt as "a terminated at-will employee," because this precludes a consideration of the promissory-estoppel claim as altering his "at-will" status. Even so, if Wyatt proves to a jury's reasonable satisfaction that if BellSouth had honored its promises, then, more likely than not, it would not have discharged him and he would have remained in BellSouth's employ, I would permit Wyatt to offer evidence of lost wages as an element of his recoverable loss sustained as a result of BellSouth's alleged perfidy, and, if a jury agrees with him, to collect those wages as damages.
Thus, I dissent from the answer given to the district court's first question. However, I concur in the answer given to the second question.
JOHNSTONE, J., concurs. *Page 409